FRANK GIGLIO et al., Appellants-Respondents, v LOUIS M. KESSLER et al., Doing Business as ALEXANDER GRANT AND COMPANY, Respondents-Appellants.—In an action to recover damages for (a) negligent performance of an acquisition audit and (b) breach of contract, (1) plaintiffs appeal from so much of an order of the Supreme Court, Nassau County, entered July 8, 1975, as granted the branch of defendants' motion which sought dismissal of the first cause of action asserted in the complaint and (2) defendants cross-appeal from the balance of the order, which denied the branch of their motion which sought dismissal of the second cause of action. Order modified by deleting so much thereof as granted the branch of the motion which sought dismissal of the first cause of action, and the said branch of the motion is denied. As so modified, order affirmed, with $50 costs and disbursements to appellants-respondents. There are questions of fact present as to both causes of action which cannot be resolved upon a motion for summary judgment. Thus, the motion to dismiss should have been denied in its entirety. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

JOHN A. GIGLIO, Respondent, v RONALD A. PIGNATARO et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from so much of an order of the Supreme Court, Rockland County, dated November 3, 1975, as granted plaintiff's motion to set aside the jury verdict of $5,000 as inadequate, and directed a new trial unless defendants stipulated to the entry of judgment against them in the amount of $17,500. Order affirmed, with $50 costs and disbursements. Plaintiff, who was 23 years old at the time of the automobile accident, sustained a permanent facial disfigurement, consisting of a bulge in the center of a six-inch scar on the forehead. His special damages were approximately $2,800. In our view the jury verdict of $5,000 was so grossly inadequate as to enable the Trial Judge, who viewed and evaluated the afore-mentioned scar, to conclude that such verdict shocked the conscience of the court. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.